INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT A





# CSC

## Notice of Service of Process

**null / ALL**
**Transmittal Number: 17937001**
**Date Processed: 03/23/2018**

| Primary Contact: | Legal Department<br>American Family Mutual Insurance<br>6000 American Pkwy<br>Madison, WI 53783 |
| --- | --- |

| | |
| --- | --- |
| Entity: | American Family Mutual Insurance Company<br>Entity ID Number  3195323 |
| Entity Served: | American Family Mutual Insurance Company, S.I. |
| Title of Action: | Holly Marsill vs. American Family Mutual Insurance Company, S.I. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Clark County District Court, Nevada |
| Case/Reference No: | A-18-771171-C |
| Jurisdiction Served: | Nevada |
| Date Served on CSC: | 03/22/2018 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Mark G. Henness<br>702-862-8200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

BRIAN SANDOVAL
*Governor*

**STATE OF NEVADA**

C.J. MANTHE
*Director*

BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
**DIVISION OF INSURANCE**
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3200
(702) 486-4009   •   Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

March 21, 2018

American Family Mutual Insurance Company, S.I.
c/o CSC Services of Nevada, Inc.
2215B Renaissance Dr.
Las Vegas, NV 89119-6727

RE:    Holly Marsili, et al. vs. American Family Mutual Insurance Company, S.I., et al.
District Court, Clark County, Nevada
Case No. A-18-771171-C

Dear Sir or Madam:

Enclosed please find the following documents: Summons and Amended Complaint. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on March 20, 2018.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

If you have any questions regarding this service, please advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:   *Rhonda Kelly*

RHONDA KELLY
Service of Process Clerk

Enclosures

c:    Jacob S. Smith, Esq.

**PROOF OF SERVICE**

I hereby declare that on this day I served a copy of the Summons and Amended Complaint upon the following defendant in the within matter, by shipping a copy thereof, via Certified mail, return receipt requested, to the following:

> American Family Mutual Insurance Company, S.I.
> c/o CSC Services of Nevada, Inc.
> 2215B Renaissance Dr.
> Las Vegas, NV 89119-6727
> CERTIFIED MAIL NO. 7016 3010 0000 0486 3302

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 21st day of March, 2018.

*RHonda Kelly*
RHONDA KELLY
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE:    Holly Marsili, et al. vs. American Family Mutual Insurance Company, S.I., et al.
       District Court, Clark County, Nevada
       Case No. A-18-771171-C

State of Nevada, Division of Insurance
This document on which this certificate
is stamped is a full, true and correct
copy of the original.

Date: 3/21/18    By: *RHonda Kelly*

-1-

BRIAN SANDOVAL
*Governor*

**STATE OF NEVADA**

C.J. MANTHE
*Director*



BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
## DIVISION OF INSURANCE
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3200
(702) 486-4009    •    Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

March 21, 2018

Jacob S. Smith, Esq.
HENNESS & HAIGHT
8972 Spanish Ridge Ave.
Las Vegas, NV 89148

RE:     Holly Marsili, et al. vs. American Family Mutual Insurance Company, S.I., et al.
        District Court, Clark County, Nevada
        Case No. A-18-771171-C

Dear Mr. Smith:

The Division received the service of process documents on March 20, 2018, regarding the above-entitled matter. Service has been completed on American Family Mutual Insurance Company, S.I. this date and enclosed are the following:

1.     A copy of our letter to American Family Mutual Insurance Company, S.I. dated March 21, 2018;
2.     A certified copy of the Proof of Service dated March 21, 2018; and
3.     Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes (NRS)* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:     RHONDA KELLY
        Service of Process Clerk

Enclosures

c:     American Family Mutual Insurance Company, S.I.

Electronically Issued
3/19/2018 3:08 PM



# DISTRICT COURT
# CLARK COUNTY, NEVADA

HOLLY MARSILI, individually; CRISTALLE
EMANUEL, individually,

        Plaintiffs,

vs.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, S.I., an entity
licensed to do business in Nevada; DOES I
through X; DOE EMPLOYEES XI through
XX, and ROE CORPORATIONS, XXI
through XXX, inclusive,

        Defendants.

Case No.:   A-18-771171-C
Dept. No.:

    XXII

__SUMMONS__

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.**

    1.    If you intend to defend this lawsuit, within 30 days after this Summons is served on you exclusive of the date of service, you must do the following:

        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint
    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

HENNESS & HAIGHT

By: _____
Jacob S. Smith, Esq.
Nevada Bar No. 10231
8972 Spanish Ridge Avenue
Las Vegas, NV 89148
702/862-8200
*Attorney for Plaintiff*

CLERK OF COURT

By: _____
Deputy Clerk
County Courthouse
200 Lewis Avenue
Las Vegas, NV 89101

3/19/2018

Judit Angyalne-Kiss

RECEIVED

MAR 20 2018

DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
3/19/2018 3:07 PM
Steven D. Grierson
CLERK OF THE COURT

1   ACOM
    JACOB S. SMITH, ESQ.
2   Nevada Bar No. 10231
3   HENNSS & HAIGHT
    8972 Spanish Ridge Avenue
4   Las Vegas, Nevada 89148
    (702) 862-8200
5   jake@hennessandhaight.com
6   *Attorneys for Plaintiff*

7                           **DISTRICT COURT**

8                    **CLARK COUNTY, NEVADA**

9
    HOLLY MARSILI, individually; CRISTALLE
10  EMANUEL, individually,                       Case No.: A-18-771171-C
                                                  Dept. No.: 22
11                  Plaintiffs,

12  vs.

13  AMERICAN FAMILY MUTUAL
    INSURANCE COMPANY, S.I., an entity
14  licensed to do business in Nevada; DOES I
    through X; DOE EMPLOYEES XI through
15  XX, and ROE CORPORATIONS, XXI
    through XXX, inclusive,
16
17                  Defendants.

18

19                       **AMENDED COMPLAINT**

20          COMES NOW, Plaintiffs, HOLLY MARSILI and CRISTALLE EMANUEL, by and

21  through their attorney, JACOB S. SMITH, ESQ., of the law firm of  HENNESS & HAIGHT, and

22  for their causes of action against Defendants, and each of them, allege as follows:

23
            1.      That at all times relevant hereto, Plaintiffs, HOLLY MARSILI and CRISTALLE
24
25  EMANUEL ("Plaintiffs"), were residents of the County of Clark, State of Nevada.

26          2.      That all of the material facts and circumstances that give rise to the subject lawsuit

27  occurred in the County of Clark, State of Nevada.

28

                                       - 1 -

3.    That at all times relevant hereto, Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., was and is a duly licensed business entity authorized to conduct business in Nevada as an insurance company and conducting said business in Nevada, including offering for sale insurance products, such as the policies of insurance sold to Plaintiffs, for the benefit of Plaintiffs, and each of them, as more fully set forth below.

4.    Plaintiffs' Complaint states a controversy over which this Honorable Court has jurisdiction and venue is properly in this Court as Plaintiffs are residents of Clark County, Nevada; Defendant does business within Clark County, Nevada; the relevant policy of insurance was underwritten and covered Plaintiffs for their use of their motor vehicle in Clark County, Nevada; the relevant policy of insurance was written to insure, *inter alia*, against loss to Plaintiffs in Clark County, Nevada; the loss, injuries and damages incurred by Plaintiffs that underlie the claim against Defendants occurred while Plaintiffs were in Clark County, Nevada; and benefits due from the policy of insurance and damages claimed by Plaintiffs were due and payable in Clark County, Nevada.

5.    Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOE EMPLOYEES I through X and DOES XI through XX, and ROE CORPORATIONS XXI through XXX, are unknown to Plaintiff, who, therefore, sue said Defendants by said fictitious names. Upon information and belief, these DOE and ROE Defendants, and each of them, are responsible in some manner for the events and happenings upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff as herein alleged. DOE and ROE Defendants include, but are not limited to

- 2 -

employees, independent contractors, subcontractors, suppliers, agents, brokers, adjusters and/or volunteers. Plaintiffs will ask leave of this Court to amend their Complaint to insert the true names and capacities of, DOE EMPLOYEES I through X, DOES XI through XX, and ROE ENTITIES XXI through XXX, when the same have been ascertained and to join such Defendants in this action.

6.      Upon information and belief, at all times mentioned herein, each Defendant was acting as the agent, servant, alter ego, and/or employee of each other Defendant.

7.      That hereinafter references to "Defendant" include collective reference to all named Defendants, and all DOE and ROE Defendants who might have performed or failed to perform the same actions hereinafter alleged committed by the named Defendants.

8.      That Defendants, and each of them, include the subsidiaries, parent companies, successors and predecessors in interest, assignees, alter egos, or otherwise, and are liable for the liabilities of Defendants, and each of them. At all times mentioned herein, each Defendant was acting as the agent, servant, and/or employee of each other Defendant.

### FACTS OF THE DISPUTE

9.      Plaintiffs repeat and re allege each and every allegation contained in Paragraphs 1 through 8 above and incorporates the same by reference as though the same were fully set forth herein.

10.      That prior to July 16, 2011, in Clark County, Nevada, Plaintiff HOLLY MARSILI entered into an insurance contract with Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, bearing policy number 1075-0274-01-51-FPPA-NV, whereby Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY agreed to provide Plaintiffs with, among other coverages, $100,000 per person / $300,000 per accident in

Underinsured Motorist Protection benefits; and in reliance upon Defendant's representations, Plaintiff HOLLY MARSILI purchased said underinsured motorist policy from Defendant, and that on July 16, 2011, said coverage was in force.

11.     That prior to July 16, 2011, in Clark County, Nevada, Plaintiff CRISTALLE EMANUEL entered into an insurance contract with Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., bearing policy number 1852-2111-01-48-FPPA-NV, whereby Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. agreed to provide Plaintiffs with, among other coverages, $100,000 per person / $300,000 per accident in Underinsured Motorist Protection benefits; and in reliance upon Defendant's representations, Plaintiff CRISTALLE EMANUEL purchased said underinsured motorist policy from Defendant, and that on July 16, 2011, said coverage was in force.

12.     That prior to July 16, 2011, in Clark County, Nevada, Plaintiff HOLLY MARSILI further entered into an insurance contract with Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., bearing policy number 27-U01238-01, whereby Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. agreed to provide Plaintiffs with, $300,000 per occurrence in Personal Liability Insurance under an umbrella policy, with the Endorsement 601 for Uninsured/Underinsured Motorist coverage; and in reliance upon Defendant's representations, Plaintiff HOLLY MARSILI purchased said umbrella policy from Defendant, and that on July 16, 2011, said coverage was in force.

13.     As policy holders of AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., Plaintiffs were insured within Nevada Revised Statutes §686a.310, *inter alia*.

14.    That on July 16, 2011, Plaintiffs were involved in a serious motor vehicle collision as the sole result of the negligence of non-party tortfeasor, Richard J. Donaldson, an underinsured motorist as per the definition of such in said insurance contract.

15.    As a direct and proximate result of said collision, Plaintiffs suffered serious and permanent injuries.

16.    At the time of the subject collision, non-party tortfeasor, the vehicle being driven by Richard J. Donaldson carried automobile liability insurance limits of $100,000 per person / $300,000 per accident.

17.    As a further direct and proximate result of said collision, Plaintiffs incurred expenses for medical care and treatment.

18.    At the time of the subject collision, Plaintiffs were insured by Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. sued herein, according to the above-described contracts, and other policies issued by DOE EMPLOYEES I through X, DOES XI through XX, and ROE ENTITIES XXI through XXX, which provided Plaintiffs various forms of motor vehicle coverage, including benefits for compensation resulting from injuries and damages caused by underinsured motorists.

19.    That on or about September 7, 2016, non-party tortfeasor, Richard J. Donaldson's motor-vehicle liability insurer, State Farm, tendered to Plaintiffs the full amount of the available policy limits of his motor-vehicle liability insurance, but this amount was insufficient to fully compensate Plaintiffs for the harms and losses they suffered in said motor-vehicle collision.

20.    That by contract, Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., is obligated to fully compensate Plaintiffs for the harms and losses they

sustained in the subject motor vehicle collision, up to the limits of their coverage as noted in Paragraphs 10 through 12.

21. Following the collision, Plaintiffs timely presented Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., with all of their collision-related medical records and bills and made a request for contractual underinsured motorist policy benefits from Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.

22. When Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. evaluated Plaintiff, HOLLY MARSILI'S claim, it failed to make any offer within a reasonable time, effectively denying her claim.

23. When Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. evaluated Plaintiff, CRISTALLE EMANUEL'S claim, it failed to make an offer within a reasonable time, effectively denying her claim.

24. That Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., chose to retain doctors to review the medical records of Plaintiff(s) and/or perform medical examinations of Plaintiff(s), which doctor(s) Defendant had reason to believe would provide certain medical opinions which would support Defendant's pre-determinations as to Plaintiffs' claims.

25. That Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. is still denying this claim and now has indicated that they would be willing to submit this matter to arbitration with a cap of the $100,000 policy limits

26. That Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., owed and still owes to Plaintiffs the highest of duties in considering their claims for underinsured motorist benefits as well as benefits afforded under the Plaintiffs' personal

- 6 -

liability umbrella policy, which claims Plaintiffs incurred as a result of disabling personal injuries, which they sustained as a result of a car collision, as set forth herein. Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., was and is obligated under the policies issued to Plaintiffs and by Nevada law to give at least equal consideration to Plaintiffs' interests as to its own interests.

27.    That as a result of Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.'s limited, self-serving investigation, and other conduct, Defendant is in breach of the Insurance contracts between the parties and said breach has resulted in damages incurred by Plaintiff in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00) in an amount to be determined at trial.

28.    That as of the date of filing, HOLLY MARSILI and CRISTALLE EMANUEL had incurred medical expenses amounting to approximately $94,077.32 and $84,321.56 respectively.

### FIRST CLAIM FOR RELIEF

(Breach of Covenant of Good Faith/Insurance Bad Faith)

29.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 28 above and incorporate the same by reference as though fully set forth herein.

30.    That Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., breached the inherent duty of good faith and fair dealing owed to Plaintiffs when it chose not to evaluate Plaintiffs' claims reasonably and in good faith.

31.    That Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., and/or its agents, also breached the duty known as the "special relation duty" owed by insurer to its insured constituting the tort of insurance bad faith, when it chose not to reasonably,

properly, fairly, and timely evaluate and tender reasonable underinsured motorist policy benefits

owed to Plaintiffs, as provided for by the policies of insurance.

32.     That as a proximate result of the unreasonable and wrongful conduct of

Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., and each of

them, Plaintiffs have suffered financial damages, anxiety, worry, mental and emotional distress

and other incidental damages all to Plaintiffs' general damage in an amount in excess of

FIFTEEN THOUSAND DOLLARS ($15,000.00).

33.     Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.'s

conduct described herein was intended to cause injury to Plaintiffs, and was despicable conduct

carried on by Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.;

was done with a willful and conscious disregard of Plaintiffs' rights, subjecting Plaintiffs to

cruel and unjust hardship; and was an intentional misrepresentation, deceit, or concealment of

material facts known to Defendant with the intention, implied or in fact, to deprive Plaintiffs of

property, legal rights, or to otherwise oppress and/or cause injury, such as to constitute malice,

oppression, or fraud within Nevada Revised Statutes 42.005, entitling Plaintiffs to punitive

and/or exemplary damages in an amount sufficient to punish or set an example of Defendant,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I..

**SECOND CLAIM FOR RELIEF**

(Violation of Unfair Claim Practices Act)

34.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1

through 33 above and incorporate the same by reference as though fully set forth herein.

35.     Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., is a member of the class of entities intended to be regulated by Nevada Revised Statutes 686A.310, *et seq.*

36.     Plaintiffs are a member of the class of persons sought to be protected by Nevada Revised Statutes 686A.310, *et seq.*

37.     By the aforesaid acts and omissions, Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. has violated its statutory duties contained within Nevada Revised Statutes 686A.310, *et seq.* by, among other things:

a.     Misrepresenting to Plaintiffs pertinent facts or insurance policy provisions relating to the coverage at issue;

b.     Choosing not to acknowledge and/or act promptly upon communications with respect to claims arising under the Policy;

c.     Choosing not to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies;

d.     Choosing not to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured;

e.     Choosing not to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear,

f.     Compelling Insureds to litigate to recover benefits due under Policies;

g.     Choosing not to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insureds' claims and the applicable Nevada law, for the denial of the claim or for a reasonable offer to settle or compromise the claim; and

- 9 -

h. Choosing to retain doctors through a third party service to review Plaintiffs' medical records and/or perform medical examinations while having reason to believe that the chosen doctors would not be objective in their opinions;

38.     Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.'s conduct described herein was intended to cause injury to Plaintiffs, and was despicable conduct carried on by Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., with a willful and conscious disregard of Plaintiffs' rights, subjecting Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights and was an intentional misrepresentation, deceit, or concealment of material facts known to Defendant with the intention, implied or in fact, to deprive Plaintiffs of property, legal rights, or to otherwise oppress and/or cause injury, such as to constitute malice, oppression, or fraud within Nevada Revised Statutes 42.005, entitling Plaintiffs to punitive and/or exemplary damages in an amount sufficient to punish or set an example of Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I..

### THIRD CLAIM FOR RELIEF

(Breach of Contract)

39.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 38 above and incorporate the same by reference as though fully set forth herein.

40.     At all relevant times, Plaintiffs paid all premiums due and fulfilled all contractual duties and obligations required of them within the respective policies. Plaintiffs were insureds within the respective policies. Plaintiffs did nothing to disqualify themselves for coverage within the respective policies.

- 10 -

41.     Despite the respective policies being in full force and effect at the time of the subject collision on July 16, 2011, Defendant, AMERCIAN FAMILY MUTUAL INSURANCE COMPANY, S.I., failed to adequately investigate Plaintiffs' claims and now refuses to pay benefits owed to Plaintiffs.

42.     As a direct and proximate result of Defendant, AMERCIAN FAMILY MUTUAL INSURANCE COMPANY, S.I.'S conduct and material breach of the respective policies, Plaintiffs were compelled to retain counsel to file this Complaint to obtain the benefits of the contracts negotiated by the parties within the respective policies and specifically for the benefits long overdue to Plaintiffs.

43.     Defendant, AMERCIAN FAMILY MUTUAL INSURANCE COMPANY, S.I., is liable to Plaintiffs for the attorneys' fees and costs incurred by Plaintiffs in bringing this Complaint to enforce the terms of the Policy.

///
///
///
///
///
///
///
///
///
///
///

///

///

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them as follows:

1.    For contractual damages up to the amount of the underinsured motorist policy limits applicable to Plaintiffs;

2.    For contractual damages up to the amount of the personal liability umbrella policy limits applicable to Plaintiffs;

3.    For general damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);

4.    For medical and incidental expenses incurred and to be incurred resulting from the subject collision caused by the underinsured driver;

5.    For exemplary and punitive damages in an amount sufficient to punish or make an example of Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.; and

6.    For such other and further relief as the Court deems is just and proper.

DATED this 19 day of March, 2018.

HENNESS & HAIGHT

MARK G. HENNESS, ESQ.
Nevada Bar No. 5842
JACOB S. SMITH, ESQ.
Nevada Bar No. 10231
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*

- 12 -

CERTIFIED MAIL®

7016 3010 0000 0486 3302

3813
STATE OF NEVADA
DIVISION OF INSURANCE
3300 W. Sahara Avenue, Suite 275
Las Vegas, Nevada 89102

CSC SERVICES OF NEVADA INC
2215B RENAISSANCE DR
LAS VEGAS NV 89119-6727